# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERRY BARNES** <br> 1316 Saratoga Avenue NE <br> Washington, DC 20018 <br><br> Plaintiff, <br><br> v. <br><br> **WASHINGTON METROPOLITAN** <br> **AREA TRANSIT AUTHORITY** <br> **(a/k/a WMATA)** <br> 600 Fifth Street NW <br> Washington, DC 20001 <br><br> <u>Serve</u>: <br> Patricia Lee, Esq. <br> WMATA <br> Office of General Counsel <br> 600 Fifth Street NW <br> Washington, DC 20001 <br><br> Defendant. | Case No. 1:19-cv-00123 |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Perry Barnes ("Plaintiff"), by and through his attorney, Keith W. Watters, and hereby moves for judgment against Defendant Washington Metropolitan Area Transit Authority ("Defendant WMATA") on the grounds and in the amount as hereinafter set forth:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), which establishes original jurisdiction in this Court over actions brought against WMATA pursuant to WMATA Compact Article XVI § 81, codified in District of Columbia law as DC Code Ann. § 9-1107.10.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia.

### PARTIES

3.     Plaintiff is an adult resident of the District of Columbia, residing at 1316 Saratoga Avenue NE, Washington, DC 20018.

4.     Defendant WMATA was created by the WMATA Compact, DC Code Ann. § 9-1107.01 *et seq.*, signed by the District of Columbia, Maryland, and Virginia.

5.     At all times relevant herein, Defendant WMATA was the owner of WMATA motor vehicles/buses being operated by its duly authorized agents, servants, and/or employees, who were acting within the course and scope of their employment and/or agency with Defendant WMATA.

6.     Defendant WMATA is liable for its negligent acts and/or omissions and those of its agents, servants, and/or employees committed in the conduct of any proprietary function. DC Code Ann. § 9-1107.01 (80).

7.     The operation and maintenance of WMATA motor vehicles/buses and the supervision and training of employees and agents are proprietary functions within the meaning of the WMATA Compact.

### FACTS

8.     On November 3, 2017, at approximately 8:50 am, Plaintiff was lawfully walking in the crosswalk near the intersection of 12th Street NE and Monroe Street NE in Washington, DC.

9.     At said date and time, a WMATA bus was attempting to make a right turn onto Monroe Street NE.

10. The WMATA bus failed to observe Plaintiff lawfully in the crosswalk and struck Plaintiff, running him over.

11. Defendant was taken by ambulance to Howard University Hospital and was admitted from November 3, 2017 to November 10, 2017.  He was diagnosed with right foot 3rd and 4th metatarsal fractures and a left ankle fracture.

12. On November 3, 2017, Plaintiff underwent a closed reduction and percutaneous pinning of the 3rd 4th metatarsal fractures; irrigation and debridement of the left ankle; and placement of a multiplanar external fixator in the left ankle.

13. On November 6, 2017, Plaintiff again underwent irrigation and debridement of the left ankle, as well as an open reduction and internal fixation (ORIF) on the left ankle and removal of the external fixator in the left ankle.

14. These injuries to Plaintiff have resulted in permanent disability to him.

15. As a direct and proximate result of Defendant WMATA's negligence, Plaintiff has incurred and will continue to incur medical expenses; has undergone and will continue to undergo permanent physical and mental pain and suffering; and has been and will continue to be prevented from engaging in his usual and customary activities.

16. As a further direct and proximate result of Defendant WMATA's negligence, Plaintiff has been unable to continue his work, causing loss of income and future earnings.

## COUNT 1
## NEGLIGENCE

17. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

18. At said date and time, it was the duty of Defendant WMATA and its agents, servants, and/or employees to operate its motor vehicles/buses with reasonable care and with due regard for the safety of pedestrians and others using the roadway.

19. Defendant WMATA, individually and/or by and through its agents, servants, and/or employees, acted with less than reasonable care and was negligent in one or more of the following ways:

   (a) By operating its motor vehicles/buses at a high, dangerous, and excessive rate of speed under the circumstances then and there existing;

   (b) By failing to reduce speed to avoid a collision;

   (c) By failing to observe due care and precaution and to maintain proper and adequate control of its motor vehicles/buses;

   (d) By failing to keep a proper lookout for other motor vehicles and pedestrians lawfully upon the roadway; and

   (e) By failing to exercise reasonable care in the operation of its motor vehicles/buses under the circumstances then and there existing.

20. As a direct and proximate result of Defendant WMATA's negligence, Plaintiff was gravely and permanently injured, and suffered and continues to suffer damages and losses as described above.

**WHEREFORE**, Plaintiff Perry Barnes hereby demands judgment against Defendant Washington Metropolitan Area Transit Authority in the amount of five million dollars ($5,000,000.00), plus interest and costs, and any other relief as this Court deems just and proper.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues herein.

Respectfully submitted,

/s/ Keith W. Watters
Keith W. Watters, Esq. (DC Bar No. 319210)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 677
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

*Counsel for Plaintiff*

5